## Patton v. Commonwealth and J. L. Steele.

(Decided June 8, 1917.)

## Appeal from Carter Circuit Court.

1.  Attachment—Unpaid Purchase Money—Liens.—Where the creditors of the grantor in a deed brought suit to subject by attachment to their debts, the unpaid purchase money alleged to be owing him by the grantee on the land and secured by a lien thereon, and the testimony, both of the grantor and grantee, uncontradicted by that of any other witness or by any circumstance appearing from the evidence as a whole, showed that the grantee, before the institution of the action by the attaching creditors and without knowledge of the existence of the debts owing by the grantor to them, paid to the grantor all the purchase money due him on the land, it was error for the circuit court to adjudge a sale of the land under the alleged lien in satisfaction of the creditors' claims against the grantor.

2.  Attachment—Purchase Money Bonds—Fund in Court.—Uncollected bonds given for the purchase price of land sold under a decretal sale, and which have been filed by the master commissioner in the circuit court with the report of sale, can not be attached for a debt owing by the beneficiary of such bonds, by serving the order of attachment on the master commissioner. In such state of case the bonds constitute a fund in court which can be attached only by serving the order of attachment on the clerk of the court, having endorsed upon it the notice required by section 207, Civil Code of Practice.

HENRY L. WOODS for appellant.

H. W. E. WOLFORD and H. CLAY BROWN for appellees.

Opinion of the Court by Chief Justice Settle—
Reversing.

On May 14, 1912, the appellee, J. L. Steele, brought two actions in the Carter circuit court, the first against the appellant, R. G. Patton, John Mullins, M. I. Kennard and E. G. Hanlon, seeking the sale of a ten-acre tract of land to satisfy a vendor's lien of $180.00; the other against the appellant, R. G. Patton, and John Mullins, seeking the sale of a one and one-half-acre tract to satisfy a vendor's lien of $53.00, both tracts of land being situated in Carter county. Hanlon, Kennard and Mullins were made parties to the first action because the ten-acre tract was sold and conveyed by the appellee, Steele, to Hanlon, by Hanlon to Kennard, by Kennard to Mullins, and by Mullins to Patton. As the second tract of

one and one-half acres was sold and conveyed by Steele to Mullins and by Mullins to Patton, Mullins was made a co-defendant with Patton in the second action. Although, when he sold the appellant, Patton, the two tracts of land, Mullins retained in the deed a lien as security for such part of the consideration as remained unpaid, he then agreed with him to relieve each tract of the vendor's lien existing upon it in favor of Steele by paying to Steele the amount due thereon, but this personal liability of Mullins did not relieve the lands of the liens in favor of Steele.

The two actions were consolidated and submitted together; the submission resulting in a judgment by default whereby Steele obtained a recovery against Mullins personally for the amount due under the two liens asserted; also for the enforcement of each lien and the sale of the larger tract to pay the $180.00 and interest alleged to be due thereon, and of the smaller tract for the $53.00 and interest alleged to be due thereon. The lands were later sold by the court's commissioner as required by the judgment, at which sale one J. B. Brickles became the purchaser of both tracts at the price of $280.00.

It appears from the record that Steele, shortly after the institution of the two actions referred to and prior to the rendition of the judgment therein, was convicted and fined in the Carter circuit court for unlawfully selling spirituous liquors, the judgments obtained against him by the Commonwealth under the several indictments aggregating $300.00; in default of the payment of which Steele was arrested and incarcerated in the Carter county jail. After the sale and before its confirmation by the court, Mullins and the appellant, Patton, filed in the Carter circuit court their joint petition seeking to set aside the judgment under which the lands had been sold and praying a new trial upon the ground that the liens for which the sales were adjudged to be made had been satisfied and discharged by Mullins before the rendition of the judgment by his paying to Steele, while the latter was in jail, $120.00 of the amounts due him upon the two tracts of land, and the undertaking of Mullins, then assumed, to furnish Steele's wife money and provisions such as she might need for the support of herself and children during the imprisonment of Steele in jail; and that in consideration of such payment by Mullins and his undertaking to provide for the wife and children of Steele, the latter then agreed in writing to dismiss the

two actions against Mullins and Patton, and told Mullins that he and Patton need not file answers therein as his attorney would at once be instructed to dismiss each of them. It appears, however, that Steele did not comply with this promise; hence, the judgment was rendered in the consolidated actions for the sale of the lands to satisfy the liens thereon. This judgment and the sale thereunder were obtained and had without the knowledge of either Mullins or Patton, and in violation of the agreement of Steele to dismiss both actions.

It further appears from the record that some time after the above settlement and agreement were made between Steele and Mullins the former succeeded in replevying the fines against him and was released from jail, following which he took up his residence at Jenkins, a town of Letcher county, where he has since resided. It turned out, however, that his surety in the replevin bonds was found to be insolvent, or so nearly so, that only a small part of the fines included in the replevin bonds were collected by execution out of his property. For the uncollected part of the bonds the Commonwealth instituted in the Carter circuit court an action in equity against Steele under section 439, Civil Code, and caused summons to be served on him in Letcher county. It was alleged in the petition that Steele had money, property and choses in action concealed, out of which the Commonwealth's debt should be paid and could be made, which property he had fraudulently concealed or disposed of for the purpose of preventing the collection of the debts. A general order of attachment was issued in the action against the property of Steele, a copy of which was served on the master commissioner of the Carter circuit court, who sold the land and took the sale bonds, and a copy on J. H. Brickles, the purchaser of the lands at the decretal sale, but there was no service of the attachment or a summons on either Mullins or Patton.

In the meantime, no answer having been filed in the action brought by Mullins and Patton against Steele to set aside the judgment and sale obtained in the consolidated actions previously brought by Steele against them, the circuit court rendered a judgment in which the sale of the lands was set aside and a new trial awarded Mullins and Patton. The next day, however, the attorney representing the Commonwealth in the action brought by it against Steele, entered a motion to set aside this

judgment, which motion was sustained.  This action of the circuit court left the judgment rendered against Mullins and Patton in the consolidated actions brought against them by Steele, and the sale made thereunder, in force.  On further motion of the attorney for the Commonwealth its action against Steele was consolidated with the other actions referred to.  Later Jesse Davis & Son, a mercantile partnership, brought an action against Steele on an execution and return of "No property found," issued from the office of the clerk of the Carter circuit court, upon a transcript filed therein from the Carter quarterly court, containing a certified copy of the judgment of that court, the execution issued thereon, and return of "No property found."  In this action an attachment was issued against the property of Steele and served upon the master commissioner and Brickles, purchaser of the two tracts of land which had been sold under the judgment in favor of Steele, but no service was had thereof upon Mullins or Patton.  The action of Jesse Davis & Son was also consolidated with the several other actions mentioned.  The issues in the several consolidated actions seemed to have been made by agreed orders entered of record; and after the taking of proof thereon the circuit court rendered the following judgment in the consolidated actions:

"This cause having been submitted for judgment, and the court having read the pleadings and evidence and heard argument of counsel, adjudges that the defendant, R. G. Patton, is the owner of the land described in the pleadings, and that there is a purchase money lien on same for the sum of $200.00, with six per cent. interest thereon from the 17th day of April, 1913, and that the transfer of this property from J. L. Steele to John Mullins was made to prevent the collection by the Commonwealth of Kentucky of certain fines against the said Steele, and was fraudulent so far as it affected said Steele and Mullins, and it is adjudged the plaintiff, the Commonwealth of Kentucky, be subrogated to the rights of said Mullins, and that it have a lien on said property for the sum of $200.00, with interest from April 17, 1913, and for its cost herein expended, but out of the proceeds of said sale shall first be paid the sum of ——, being the balance of the purchase money paid into court by J. H. Brickles, and it is also adjudged that J. H. Brickles recover of R. G. Patton his cost herein expended, which is also adjudged a lien on the said land.

"It is further adjudged that the plaintiffs, Jesse Davis & Son, have a lien on the same property by reason of an attachment levied herein, second to the above, for the sum of $19.48, with interest thereon from the 31st day of August, 1913, until paid, and the further sum of $5.37, costs, and their costs in this action, which property is described as follows, viz."

Then follows a description of the two tracts of land, direction for the sale thereof by the master commissioner and disposition of the proceeds as ordered in that part of the judgment quoted above.

Although it is admitted that Mullins died, after giving his deposition and shortly after the rendition of the judgment, intestate, the record contains no suggestion of his death or information as to the appointment or qualification of an administrator of his estate. Nor does it show that an order was ever asked or entered reviving the action against such administrator.

The judgment of the circuit court is manifestly erroneous. In the first place, its statement that the transfer or conveyance of the two tracts of land by J. L. Steele to John Mullins was made to prevent the collection by the Commonwealth of Kentucky of the fines recovered against the former and was for that reason fraudulent, finds no support from the evidence appearing in the record. On the contrary, it is shown by the evidence that at the time of the sale and conveyance of the two tracts of land by Steele there were no judgments in favor of the Commonwealth against him, nor had the indictments upon which the judgments were obtained been found or returned against him; besides, the larger tract of land was not sold or conveyed by Steele to Mullins, but to Mrs. E. G. Hanlon, who thereafter sold and conveyed it to M. I. Kennard, who in turn sold and conveyed it to Mullins. The smaller tract was, it is true, sold and conveyed by Steele to Mullins, but it is not even shown by any evidence appearing in the record that Steele at the time of the sale and conveyance by him of either parcel of land was engaged in the illegal sale of liquor, or that Mullins had any reason to suspect him of being engaged in such business. Moreover, notwithstanding appellees' insistence of fraud as between Steele and Mullins in the matter of the sale and conveyance of the lands, it is not claimed by them that the appellant, Patton, was not an innocent purchaser, in good faith, of both parcels of land from Mullins. In view of this situation, further

time will not be consumed in discussing the statement of the judgment referred to.

We take it for granted that what was intended by the judgment was to declare the alleged settlement between Steele and Mullins made while Steele was confined in jail, and whereby he, as claimed, agreed to dismiss the two actions he had brought against Mullins and Patton in consideration of the payment by Mullins of the $120.00 then claimed to have been made, and his undertaking to provide for the wife of Steele while he was in jail, was a fraudulent transaction, intended to make it appear that Mullins was owing Steele nothing upon the lien debts sought to be recovered in the actions and thereby prevent the Commonwealth from subjecting what Mullins and Patton were owing upon those lien debts to the payment of the judgments it had recovered against Steele. This view of the matter is as untenable, however, as the conclusion resulting from the literal meaning of the language of the judgment referred to, because without support from the evidence. The only witnesses whose testimony throw any light upon the settlement made between Steele and Mullins in the jail was furnished by them alone. Mullins testified that he thereafter performed the undertaking to provide Steele's wife with money and provisions while he was in jail, and that the money and provisions so furnished by him, together with a fee of $15.00, which, at Steele's request, he paid to H. L. Wood, his attorney, as he believed, satisfied and discharged the balance of $113.00 which the settlement made between him and Secele at the jail showed to be due the latter on the lands after the payment of the $120.00 then made; which payments were all made between the date of the transaction in the jail and a subsequent meeting he had with Steele, before the institution by the Commonwealth of its action and after the return of Steele from Jenkins. Steele corroborated the foregoing testimony of Mullins in every particular, except that he said the final settlement between them, following his return from Jenkins, showed that Mullins, after receiving all credits to which he was entitled, still owed him on the lands $26.80, for which he then took his due bill. Whether this due bill was thereafter paid by Mullins is not shown by the evidence, but as he died soon after the giving of his deposition, which does not show its payment previous to that time, it is highly probable that it was never paid. In any event, its acceptance by

Steele was intended by the parties as a discharge of the liens on the lands and such therefore was its legal effect.

The testimony of both Steele and Mullins further shows that Mullins, neither at the time of making the payment of $120.00 to Steele in the jail, nor at the time of the subsequent settlement had by them upon the return of Steele from Jenkins, knew of any attempt by the Commonwealth to collect through the action in the Carter circuit court, or otherwise, the fines for which it had obtained judgments against Steele, and the record shows that the attachment issued in that action was never served upon Mullins. Steele testified that he never informed Mullins of the judgments in favor of the Commonwealth against him, nor did the latter, so far as he knew, have any knowledge of them. The evidence furnished by the testimony of Steele and Mullins is uncontradicted by any evidence introduced in appellees' behalf, and appears to be entirely consistent with their claim of good faith respecting Mullins' purchase of the two tracts of land and his payment of the purchase money thereon in the several transactions subsequently had between them. In brief, the evidence furnishes no ground for the judgment rendered by the circuit court. Hence, that court should not have set aside, on the motion of the Commonwealth, the order dismissing the actions of Steele against Mullins and Patton as authorized by the writing given Mullins and Patton by Steele.

For yet another reason the judgment cannot be sustained. As before stated, neither the attachment nor a summons in the action of the Commonwealth against Steele was ever executed upon Mullins or Patton, and the same is true of the attachment in favor of Jesse Davis & Son. The object of the actions brought by the Commonwealth and Jesse Davis & Son against Steele was to obtain for the plaintiffs in those actions the benefit of the liens alleged to exist in favor of Steele upon the tracts of land which finally became the property of the appellant, Patton; and to this end they attempted by their attachments to reach and obtain the proceeds of the sale bonds executed by Brickles, purchaser at the decretal sale in favor of Steele, which were made payable to the master commissioner of the Carter circuit Court, but only executed the attachment on Steele and the master commissioner of the court. Even if the judgment in favor of Steele, under which the sale of the lands was made, had been valid, the proceeds of the sale bonds

could not be reached for the benefit of the Commonwealth or Jesse Davis & Son in the manner attempted, as the sale bonds or their proceeds constituted "a fund in court," which fund being *in custodia legis,* that is, in the possession and under the control of the court, could not be placed in lien for the benefit of the Commonwealth or Jesse Davis & Son by a service of the attachment upon the master commissioner of the court, although made payable to him. In order to reach such property by attachment the order of attachment should have been served upon the clerk of the court. In Burdine v. White, 173 Ky. 158, we held that undue and uncollected bonds for the purchase price of the sale of land made by the master commissioner under the judgment of a court which have been reported with the report of sale and the sale confirmed, constitute a "fund in court," such as may be attached under the provisions of section 207 of the Civil Code of Practice, but that a fund in court can be attached only by serving the order of attachment on the clerk of the court where the fund is, with a notice to him as required by section 207, Civil Code of Practice. In the opinion it is said:

"If we were called upon to justify the act of the legislature in designating the clerk as the one upon whom the attachment should be served we would have but little difficulty in doing so, because he is the one in whose custody the law places the records of the proceedings out of which the fund in court arose, and he is the only person through whom the court speaks by its record. The master commissioner is but the agent of the court to obey its orders in effecting the sale."

We are unable to see any force in the contention of appellees' counsel, that as the appellant, Patton, admittedly yet owes the estate of Mullins $200.00 of the purchase money he agreed to pay Mullins for the two tracts of land, he cannot complain of the judgment of the circuit court or prosecute an appeal therefrom. This contention overlooks the very patent fact that the right of the creditors of Steele to obtain the benefit of the liens retained by the latter and to subject the lands to the payment of their debts to the extent of such liens depends upon whether the purchase money agreed to be paid by Mullins to Steele for the lands, and to secure which the liens were retained, has been paid. If paid, the payment extinguished the liens on the two tracts of land in favor of Steele and at the same time relieved Mullins of any

personal liability to Steele. There was never any personal liability on the part of Patton to Steele. The lands he purchased of Mullins, by virtue of the liens retained thereon by Steele, were liable for the debts owing by Mullins to Steele for the lands; consequently, when these debts were paid Steele by Mullins, the lands were freed from the liens which had been retained on them by Steele and could not be subjected to any debt held by a creditor of Steele; and the fact that Patton yet owes to Mullins or his estate $200.00 of the consideration he agreed to pay him for the lands, in the absence of any liability from Mullins to Steele, can give no 'right' to a creditor of Steele to subject Patton's land to his debt. Mullins' personal representative may be willing to give Patton time to pay the $200.00 he owes on the land, but whether he does this or sues at once to enforce the liens retained by Mullins to secure its payment is a matter to be adjusted between the personal representative and Patton, with which appellees are in no way concerned. The error committed by the circuit court was in adjudging a sale of Patton's lands to pay the debts of Steele's attaching creditors upon the theory that he (Patton) was owing Mullins on his purchase from him of the lands and the false assumption that the latter was indebted to Steele for the same lands, when in fact the evidence in the record conclusively shows that Mullins in good faith paid to Steele all that was due him on the lands before the latter's creditors instituted their actions against him or procured their attachments against his property. The doctrine of subrogation thus employed by the court is unknown to the law, or any rule of equity, obtaining in this jurisdiction.

For the reasons indicated, the judgment is reversed and cause remanded with direction to the circuit court to set aside the judgment appealed from and dismiss the actions and attachments of the Commonwealth of Kentucky and Jesse Davis & Son, and also those of J. L. Steele against the appellant, Patton, Mullins and others.