## Haydon v. Eldred.

(Decided October 29, 1929.)

R. W. LISANBY for appellant.

C. A. PEPPER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellee, Eldred, instituted suit against a number of defendants, including R. S. Smith, seeking to recover a judgment for money evidenced by certain promissory notes. R. S. Smith was an heir at law of R. P. Parker, who died in Lyon county. The master commissioner of Lyon county had a sum of money in his hands, which would pass to R. S. Smith in the distribution of the estate It was finally determined that the sum was $210.27. Appellee, after learning of the interest of R. S. Smith in the estate of R. P. Parker, caused a garnishment to issue, and it was executed on the master commissioner, who finally answered, and reported that he had the sum mentioned, which he would hold until the disposition of the matters pending in court. The amended petition, making the master commissioner of Lyon county a party to the action, was filed March 12, 1926, and the garnishment then issued.

The appellant, Dr. Haydon, intervened in the litigation, alleging that R. S. Smith had, on July 8, 1925, assigned to him the entire interest which Smith might have in the estate of Parker. Appellee admitted, by his pleadings, that R. S. Smith assigned and delivered to Dr. Haydon an assignment of his interest in the estate of Parker, but he sought to avoid the effect of the assignment on the

ground that it was without consideration, or that it was made with the intent to delay, hinder, and defraud creditors.

No proof appears to have been taken, and the case was submitted on an agreed statement of facts. In the agreed statement there are these facts:

"Agreed that R. S. Smith was one of the heirs in a suit then pending in Lyon circuit court, and that as an heir there were funds in the Parker estate in the hands of the commissioner, belonging to R. S. Smith as an heir of R. P. Parker, deceased, unless the assignment, dated July 8, 1925, carrying said funds to Dr. W. C. Haydon.

"Agreed that Dr. Haydon did not notify master commissioner of the assignment of Smith to him until after the garnishee had been served on the commissioner and the clerk of the court."

In the finding of facts by the circuit court, the following statements appear:

"That the defendant R. S. Smith was and is an heir at law of R. P. Parker, deceased, and that at the time of the filing of the amended petition herein, on the 12th day of March, 1926, there was in the hands of the master commissioner of the Lyon circuit court certain money, $210.27 belonging to the defendant R. S. Smith.

"That on July 18, 1925, the defendant R. S. Smith had attempted to assign this fund to Dr. W. C. Haydon, of Princeton, Ky., in payment of a pre-existing debt.

"That the attachment and garnishee herein was served on the master commissioner and the clerk of the Lyon circuit court before Haydon had notified either of these officers of the existence of the aforesaid assignment."

The conclusions of law were set out by the trial judge as follows:

"As a matter of law, the court adjudged that the interest of R. S. Smith, defendant, in the estate of R. P. Parker, being a fund in court, was not in the control of the defendant Smith, and was not the subject of a sale or assignment, and that Dr. W. C. Haydon had acquired no interest in said fund until after it had been subjected to all claims upon it,

properly brought to the notice of the court in favor of others.''

The question thus presented is whether one interested in a fund in court may assign it to another, so as to vest title in such other against attaching creditors without notice of the assignment. The assignment to Dr. Haydon was made more than seven months before the attachment was executed on the master commissioner, but Dr. Haydon gave no notice of any kind to the master commissioner that he was interested in the estate of R. P. Parker, by reason of holding an assignment from R. S. Smith for his interest in the estate. While matters thus stood, the garnishment was executed, and the trial judge was of the opinion, and so adjudged, that the assignment had no validity as against the attachment.

It appears that the basis of this ruling was that a fund in court was not assignable, but no authority is cited to support that position by counsel for appellee. Section 474, Ky. Stats., does not deal with what may, or may not, be assigned, but deals with things that may be assigned, so as to vest the right of action in the assignee. Other things may be assigned, but action thereon must be instituted in the name of the assignor, or he must be a party to the action. Lytle v. Lytle, 2 Metc. (59 Ky.) 127; Hicks v. Doty, 4 Bush (67 Ky.) 422; Lexington Brewing Co. v. Hamon, 155 Ky. 711, 160 S. W. 264.

The court does not understand why a fund in court may not be assigned, the same as any other fund, where it is in existence. In the case last cited one James W. Hamon had an interest in a fund derived through the sale of certain real estate, in which he had an interest under a decree of the circuit court. He borrowed $400 from the Lexington Brewing Company, and assigned his interest to it. The assignment shows, on its face, that the land had been sold by the master commissioner, and that the purchaser had executed bonds which would become due in the future. Thereafter the brewing company tendered its petition, asking to be made a party to the action, and setting up the assignment to it from James W. Hamon, and asking that the interest of Hamon in the purchase money be paid to it. Thereafter the administratrix of the estate of the father of James W. Hamon filed an answer to the petition of the brewing company, alleging that she had an interest of James W. Hamon in the proceeds of the land sale to secure a

note which he had executed to a bank with his father as surety, and to secure her the repayment of $250 which she had advanced to him as administratrix. The chancellor adjudged that the administratrix of the estate of the father had a superior claim to that of the brewing company. This court concluded that the contest was one between equities, in which the brewing company's equitable assignment was evidenced by a writing, while that of the administratrix was in parol. But it was mentioned that the difference in the method of assignment was immaterial, as it was well settled that no particular form of words is necessary in order to make a valid assignment of a chose in action, and that a written instrument is not required. In the course of the opinion the court, quoting from Newby v. Hill, 2 Metc. (59 Ky.) 530, 532, said:

"The holder of an unrecorded assignment of a debt in trust, or in mortgage, acquires an equity as valid as if such assignment had been recorded, and it will prevail over any subsequent equity to the same fund, although acquired without notice of the previous assignment. It is clear, therefore, that the appellees were not injured by the failure of the appellants to reduce to writing the assignment or agreement (by whatever name it may be designated) under which they assert their prior equitable right to the debt in contest.

"In a contest between equities merely, that which is prior in time must prevail. And such is the contest here. The appellees, as attaching creditors, acquired only a lien upon, or equitable right to, the debt in the hands of the garnishee. But this equity is subordinate to that acquired by an assignee of the debt whose equitable right was created before the commencement of the action. (Forepaugh v. Appold) 17 B. Mon. 630, and other subsequent cases to the same effect."

Following the quotation is a long list of authorities where the same conclusion was reached.

The assignment in the case of Lexington Brewing Co. v. Hamon, supra, was the assignment of a fund in court, as is made clear by the opinion in the case of Burdine v. White, 173 Ky. 158, 190 S. W. 687, wherein it is held that the proceeds of sale of realty of a decedent for division among his heirs, represented by uncollected sale bonds payable to the commissioner, are a fund in court.

To the same effect is the opinion in Patton v. Com., 176 Ky. 180, 195 S. W. 455.

The amended petition in this case, seeking to attach the funds in the hands of the master commissioner and the circuit clerk, was not filed until many months after the assignment was made to Dr. Haydon. The contest, therefore, is between equities merely, and under the rule that, where there is a contest between equities, that which is prior in time must prevail, Dr. Haydon, as assignee, was entitled to the fund. It is true there was no notice of the assignment until after the attachment had been levied, but there seems to be no requirement of notice in such cases. Bottoms v. McFerran et al., 43 S. W. 236, 19 Ky. Law Rep. 1266. The equity is created by the assignment in favor of the assignee. If the assignment was fraudulent, it may have been attacked within the same time allowed by law after the creditor received notice. There is such an allegation in the answer to the petition filed by Dr. Haydon, but the case was finally submitted on an agreed statement of facts, without taking into consideration any question of fraud. If the payment to Dr. Haydon was preferential, it may have been attacked in the manner pointed out by statute, but that question is not before us.

Appeal granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.